Date signed February 10, 2009



DUNCAN W. KEIR
U. S. BANKRUPTCY JUDGE

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Baltimore

| | | | |
|---|---|---|---|
| In Re: | * | | |
| CHARLES M. LANGDON | * | Case No. | 07-21058-DK |
| MARY ANN LANGDON, | * | Chapter | 11 |
| | * | | |
| Debtors. | * | | |
| ************************************ | * | | |
| CHARLES M. LANGDON | * | | |
| MARY ANN LANGDON, | * | | |
| | * | | |
| Plaintiffs. | * | | |
| vs. | * | Adversary | No. 07-00903-DK |
| LESSER FINANCIAL ENTERPRISES, LLC, | * | | |
| *et al.*, | * | | |
| | * | | |
| Defendant. | * | | |

### **MEMORANDUM OPINION**

Before the court is Defendant's Greg Friedman's Motion To Dismiss Second Amended Complaint, Or In the Alternative, Motion For Summary Judgment, response, and reply thereto. The court is called upon to determine whether Charles M. Langdon and Mary Ann Langdon ( the "Plaintiffs") can maintain causes of action based on negligence, negligent misrepresentation, fraud, and conspiracy against an attorney, Greg Friedman ("Friedman"). The court must also decide

whether the court can consider punitive damages stemming from the fraud and conspiracy claims. The court finds that a hearing will not aid in the decisional making process. For the reasons set forth herein, the Motion to Dismiss will be denied, and the court will not consider the motion as a motion for summary judgment.

*Procedural Background*

The Plaintiff initiated this adversary proceeding on November 6, 2007 by notice of removal of a civil action pending in the Circuit Court for Montgomery County pursuant to 28 U.S.C. §1452(a) and Fed. R. Bankr. P. 9027.[1] An amended complaint was filed by the Plaintiffs on January 7, 2008.[2] The court entered an order granting leave for the filing of the already amended complaint and ordered the parties to file all papers from the Circuit Court for Montgomery County. Defendant Friedman filed a motion to dismiss or, in the alternative, for summary judgment on February 19, 2008.[3]

The court held a hearing on the First Motion To Dismiss and responses thereto on March 19, 2008. The court considered the motion solely as a motion to dismiss, and not as a motion for summary judgment, because the court found that it was premature to entertain a motion for summary judgment before the parties completed discovery. Applying the plausibility standard enunciated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the court found that the Plaintiffs failed to allege facts that support the causes of action asserted against Friedman. Accordingly, the court granted the motion to dismiss with leave to amend the complaint, and dismissed Count I - Negligence, Count II - Negligent Misrepresentation, Count IV- Fraud, and

---

[1] *Langdon v. Lesser Enterprises, LLC, et al.*, Circuit Court for Montgomery County, State of Maryland, filed July 11, 2007, Case No. 284380-V.

[2] Hereinafter, this pleading will be referred to as the Amended Complaint.

[3] Hereinafter, this pleading will be referred to as the First Motion To Dismiss.

Count V-Conspiracy of the amended complaint as to Friedman only.

The Plaintiffs filed a second amended complaint on April 1, 2008.[4] According to this Second Complaint, on or about August 16, 2005, Defendants Lesser Financial Enterprises LLC and Allan Lesser[5] agreed to loan Defendant Stephen Seiber ("Seiber") $275,000. The Plaintiffs executed a guaranty for that loan on behalf of Seiber. Lesser directed Friedman to secure the loan by filing deeds of trust on real properties owned by Seiber located at 3734 Angleton Court, Burtonsville, Maryland 20866 and 5001 Atlantic Avenue, Unit 405, Mooring Condominium, Ocean City, Maryland.[6] Prior to the execution of this particular loan and guaranty, Lesser and Seiber had executed previous loans[7] that were also purportedly secured by Seiber's Burtonsville property.[8] At some point, Seiber defaulted on his loan or loans with Lesser.[9]

The Plaintiffs' Second Complaint includes the same causes of action against Defendant Friedman as Amended Complaint. However, it includes more facts and details to support the causes of action. In sum, Count I - Negligence contends that Friedman breached his duty to the Plaintiffs by failing to file the deeds of trust, to perform a title search, to disclose the results of the title search, and to disclose the other liens or deeds of trust. Count II - Negligent Misrepresentation argues that Friedman had the scienter and intent to induce the Plaintiffs to provide the guaranty in

---

[4] Hereinafter, this pleading will be referred to as the Second Complaint.

[5] Hereinafter, these defendants will be referred to as Lesser.

[6] This allegation is not contested by Defendants Lesser and Lesser Financial. Defendant Friedman has not formally admitted or denied this allegation.

[7] This allegation is not contested by Defendants Lesser and Lesser Financial. Defendant Friedman has not formally admitted or denied this allegation.

[8] This allegation is contested by Defendants Lesser. Defendant Friedman has not formally admitted or denied this allegation.

[9] This allegation is not contested by Defendants Lesser and Lesser Financial. Defendant Friedman has not formally admitted or denied this allegation.

reliance of his false representations.  Count IV- Fraud contends that Defendant Friedman knowingly and maliciously provided false information, which the Plaintiffs reasonably relied upon when executing the guaranty. Count V - Civil Conspiracy alleges that Friedman conspired with the other defendants to defraud the Plaintiffs.  Lastly, the Second Complaint requests punitive damages for the fraud and civil conspiracy claims.

Friedman filed a motion to dismiss the Second Complaint in lieu of an answer on April 1, 2008.[10]  Friedman argued that all counts against him should be dismissed, with prejudice, for failure to state a claim upon which relief may be granted, or in the alternative as a matter of law.  Similar, to the First Motion To Dismiss, in the Second Motion To Dismiss Friedman argues that there is no dispute as to any material issue of fact and that the court should, in the alternative of granting the motion to dismiss, grant summary judgment in favor of Friedman.  Because the Second Complaint was met a renewed motion to dismiss, no discovery schedule has been set by the court, while the court considered this motion.  For this reason, the court will not consider the affidavits of Charles and Mary Langdon attached to the Second Motion To Dismiss.  The court finds again that it is premature to decide a motion for summary judgment since discovery is not complete, and this court will only consider this motion as a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

Friedman's main argument in this Second Motion To Dismiss is that the he did not owe a duty to the Plaintiffs due to a lack of privity between the parties.  Further Friedman asserts the Plaintiffs were not intended to receive a direct benefit from Friedman's employment by Lesser. Friedman's second argument contends that the alleged misrepresentations communicated to the Plaintiffs were for future promises, and cannot form the basis for the negligent misrepresentation claim.  The third argument declares that the complaint's generic allegation without specific facts

---

[10] Hereinafter, this pleading will be referred as the Second Motion To Dismiss.

cannot substantiate a fraud claim. Defendant Friedman also argues that the conspiracy claim fails because it is not a separate independent tort in the absence of an underlying tort, and that an attorney cannot be held liable for conspiracy while working for his client.  Finally, the Defense argues that the complaint has not provided sufficient facts to support a finding of punitive damages for fraud or conspiracy.

The Plaintiffs filed an opposition to the motion to dismiss.[11]  The Plaintiffs contend that the court should invoke the law of the case doctrine and decline to entertain the motion to dismiss and avoid relitigating issues previously decided.  The Plaintiffs further explain that motion to dismiss should be denied because Maryland law recognizes that attorney malpractice may occur between an attorney and non-client, under the third party beneficiary exception.  The remainder of the opposition argues that the Plaintiff provided sufficient factual allegations in the Second Complaint to support the causes of actions alleged.

Friedman filed a reply which concentrates on how the Plaintiffs have failed again to properly plead their claims.[12]

*Discussion*

A motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), made applicable to this adversary proceeding by Fed. R. Bankr. P. 7012(b), should be granted only if the complaint fails to allege "enough facts to state a claim to relief that is *plausible* on its face."  *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008)(quoting *Twombly*,

---

[11] Plaintiffs Charles M. And Mary Ann Langdon's Opposition To Defendant Greg Friedman's Motion To Dismiss Second Amended Complaint Or Alternatively For Summary Judgment, filed April 25, 2008.

[12] Defendant Greg Friedman's Reply To Plaintiff's Opposition To Defendant's Motion To Dismiss Second Amended Complaint, Or In the Alternative, Motion For Summary Judgment, filed May 6, 2008.

550 U.S. 544). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly* at 555(citations omitted).   The plausibility standard is flexible and may require additional facts in certain causes of action. *Iqbal v. Hasty,* 490 F.3d 143, 157-158 (2nd Cir. 2007).

### *Negligence*

Generally, Maryland does not recognize a cause of action in negligence stemming from a breach of contract, except in limited circumstances.  This Court discussed in *Connecticut Pizza, Inc. v. Bell Atlantic-Washington, D.C., Inc.,* (*"In re Connecticut Pizza, Inc."*), 193 B.R. 217 (Bankr. D.Md. 1996) whether an independent cause of action *ex delicto* exists for the breach of a duty which arises solely as the result of a contract between the parties.  In that case, this Court examined whether the plaintiff's, Connecticut Pizza Inc., negligence claim against the defendant, Bell Atlantic-Washington, D.C., Inc., could survive a summary judgment motion filed by Bell Atlantic. This court held that the mere negligent breach of a contract, between the parties, absent a deed or obligation imposed by law was not enough to sustain a negligence tort action. *In re Connecticut Pizza, Inc.* 193 B.R. at 223.

However, Maryland has recognized *ex delicto* causes of action against attorneys.  In a negligence action against an attorney, otherwise referred to as attorney malpractice, the plaintiff must prove a negligent breach of duty to establish liability. *Mumford v. Staton, Whaley and Price,* 255 A.2d 359, 364 (Md. 1969); *Flaherty v. Weinberg*, 492 A.2d 618, 626 (Md. 1985).  A plaintiff must prove the following elements to recover against an attorney for negligence: "(1) [t]he attorney's employment; (2) his neglect of a reasonable duty; and (3) that the neglect was a the proximate cause of loss to the client." *Maryland Cas. Co. v. Price*, 231 F. 397, 401 (4th Cir. 1916).

Strict privity is usually necessary in attorney malpractice cases.  The court in *Flaherty*

-6-

thoroughly discussed how jurisdictions chipped away at the strict privity requirement in attorney malpractice cases. *Flaherty* 492 A.2d at 621-623. Maryland courts, along with other courts, have recognized the third party beneficiary theory exception to strict privity.

> [T]o establish a duty owed by the attorney to [a] nonclient the latter must allege and prove that the intent of the client to benefit the nonclient was a direct purpose of the transaction or relationship. In this regard, the test for third party recovery is whether the intent to benefit actually existed, not whether there could have been an intent to benefit the third party.

*Flaherty* at 625.

The Maryland Appellate courts have further explained that the interests of the client and the nonclient should be identical. In the case of *Goerlich v. Courtney Industries, Inc.*, 581 A.2d 825 (Md. App. 1990), the plaintiff filed a legal malpractice claim against an attorney, who represented the plaintiff's former employer. The complaint alleged that his former employer's Shareholders' Agreement constituted a misrepresentation and that the attorney who drafted the agreement engaged in malpractice. *Goerlich*, 581 A.2d at 827. The reviewing court found that the plaintiff did not allege in his amended complaint that a direct purpose of the agreement was to establish an employment relationship, and that any incidental purpose does not make the plaintiff an intended third party beneficiary to the agreement. *Goerlich* at 828. The court pointed out that the interests of the corporation and of the plaintiff were diametrically opposed, and that according to Canon 7, a lawyer cannot represent or act for conflicting interests in a transaction. *Id.* (citations omitted).

In considering a motion to dismiss, the court must accept as true all well-pleaded material facts and exhibits, and decide in the Defense's favor if it is apparent that the Plaintiff cannot prove any set of facts in support of the claim. *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). After careful review of the Second Complaint, it is clear to this court that the Plaintiffs have properly pled enough factual allegations to support a negligence claim.

Contrary to the Defense's insistence that the Plaintiff have failed to provide averments that

would support a finding of a duty to a non-client under the third party beneficiary exception, the court notes that the Plaintiffs specifically aver,

> 14. That Defendant Lesser had retained Defendant Friedman to prepare and file the deeds of trust on Defendant Seiber's Burtonsville and Ocean City properties to induce the Plaintiffs to execute the guaranty.
> 15. That it was Defendant Lesser's intent in engaging Defendant Friedman to prepare and file deeds of trust on Defendant Seiber's real property to directly benefit the Plaintiffs.

Second Complaint, filed April 1, 2008.  These averments could not be more clear, and the court is quite confused as to how the Defense stubbornly ignores these allegations in its Second Motion To Dismiss and its Reply.  The *Twombly* standard does not require the Plaintiff to *prove* the allegations.  Nor does it dispel with the court considering inferences from the facts alleged.  Although the Defense insists that the Plaintiffs must explicitly demonstrate an "intent" or "purpose" to establish the third party beneficiary exception, these are the type of elements that the trier of fact usually infers from conduct and actions presented at trial.

The Defense also moves for the court to find that the interests of the Lesser and the Plaintiffs cannot be identical in this loan transaction because the Plaintiffs were guarantors and Lesser was the creditor.  However, this is a factual dispute that the Defense is trying to improperly interject in a motion to dismiss.  In considering this Second Motion To Dismiss, the court must consider all facts pled in the Second Complaint as true.  While in the general sense guarantors and creditors do not always have the same interests, it may be in the common interest of both to collateralize the debt by a lien against the borrower's property.[13]  Nowhere in *Flaherty* does the court explicitly state that to

---

[13] Upon payment of the obligation by a guarantor, the guarantor may have a right to be subrogated to lender's lien interest thus benefitting the guarantor in recovering upon an indemnity right. *National Bank of Commerce Trust & Sav. Asso. v. Katleman*, 266 N.W. 2d 736 (Neb. 1978).  For this reason, under some circumstances, a lender's impairment of rights to the borrower's collateral may result in a common law right of discharge of guarantor. *Id.*; cf. *Gambo v. Bank of Maryland*, 648 A.2d. 1105 (Md. Ct. Spec. App. 1994) (the court recognized a guarantor's common law impairment of collateral defense).

establish a duty to a non-client there can only be *one* direct purpose of the transaction. Commonly, clients hire attorneys to perform a variety of services in a real estate transaction. The filing of a deed of trust does not occur by chance or without intention. The affidavits of Dr. Alan Lesser and the Langdons disagree on whether an intent existed. This is a dispute of fact that is not ripe for adjudication in a motion to dismiss.

### *Negligent Misrepresentation*

Under Maryland law, negligent misrepresentation is established by proving that: (1) the defendant owing a duty of care to the Plaintiff, negligently asserts a false statement; (2) the Defendant intends that his statement will be acted upon by the Plaintiff; (3) the Defendant has knowledge that the Plaintiff will probably rely on the statement, which, if erroneous, will cause loss or injury; (4) the Plaintiff, justifiably, takes action in reliance on the statement; and (5) the Plaintiff suffers damage proximately caused by the Defendant's negligence. *Flaherty* at 627-628.

A negligent misrepresentation claim cannot be founded upon the promise of a future event. The court in *Ward Dev. Co., Inc. v. Ingrao*, 493 A.2d 421 (Md. App. 1985) discussed the difference between a promise of future events and an estimate by one knowledgeable in a particular field. In that case, the plaintiffs, new homeowners, charged that the developer of their residences negligently misrepresented the anticipated sewer and water assessments for the plaintiffs. *Ward Dev. Co. Inc.*, 493 A.2d at 423. The appellate court reviewed and found that the lower court did not err in denying the developer's motion for directed verdict. *Id.* at 427. The court held that "redress may be had for representations as to future facts and not merely as to past or existing facts." *Id.* (citing *Stewart v. Phoenix National Bank,* 64 P.2d 101 (Ariz. 1937)).

The Defense argues that under *Ward* reasoning, the Plaintiff's averment cannot support a negligent misrepresentation claim and is insufficient as a matter of law. Specifically, the Defendant cited that *Ward* supports its argument that an action for misrepresentation does not lie for unfulfilled

promises or the failure of future events to materialize.  However, as quoted above, *Ward* recognized that a statement made by someone knowledgeable in a particular field is actionable under the tort of negligent misrepresentation.  *Id.* at 427.  Furthermore, the court disagrees with the Defense that a lawyer's alleged statements regarding the filing of deeds of trust to securitize collateral, can solely be categorized as a future event or promise.

### *Fraud*

Rule 9(b) provides: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.  Malice, intent, knowledge, and other condition of mind of a person may be averred generally." *See* Fed. R. Civ. P. 9(b).  A plaintiff alleging fraud must specifically allege facts concerning "the time, place and contents of the false representations, as well as the identity of the person making the misrepresentation, and what [was] obtained thereby." *National Mortgage. Warehouse LLC v. Trokeriotis*, 201 F.Supp. 2d 499, 504 (D.Md. 2002)(quoting *Kerby v. Mortgage Funding Corp.*, 992 F.Supp. 787, 799 (D.Md. 1998)).  The *National Mortgage* case goes on to say that the "court should hesitate to dismiss if it finds that '(1) that the defendant has been made aware of the particular circumstances for which [it] will have to prepare a defense at trial, and (2) that plaintiff has substantial pre-discovery evidence of those facts.'" *Id*. at 505.

The Second Complaint provides the Defense with adequate notice of the claims against him, and it describes the loan transaction allegedly constituting the fraud.  All of the evidence that could prove the fraud does not have to be presented at the pleading stage.

### *Conspiracy*

To establish a conspiracy claim, the Plaintiff must prove "that the attorney acted without legal justification and with the intent of injuring." *Fraidin v. Weitzman*, 611 A.2d 1046, 1079 (Md. App. 1992).  "The plaintiff must establish that the attorney did not act within the role of an advisor

and merely advise, but instead knew of the client's wrongful conduct and was actively involved in the wrongful conduct." *Fraidin,* 611 A.2d at 1079 (citing to *McElhanon v. Hing*, 728 P.2d 256, 264-265 (Ariz. App. 1985), *cert. denied*, 481 U.S. 1030).  In addition, the conspiracy must personally benefit the attorney. *Id.* at 1080.

Here, the amended complaint includes allegations that the Defendant knew that Seiber did not have legal title and "knowingly, intentionally, wilfully, maliciously, fraudulently and/or with wilful disregard for the rights of the Plaintiff. "[14]  Additionally, since the other claims against the Defendant will not be dismissed, then the conspiracy claim stands.

### *Punitive Damage*

"[A] punitive damage award ...is not designed to benefit the plaintiff.  It is designed ... to benefit society ... by punishing a defendant, by way of ... a civil fine for its malicious acts." *Darcars Motors of Silver Spring, Inc. v. Borzym*, 818 A.2d 1159, 1186 (Md. App. 2003).  Judge Wilner explained in *Alexander & Alexander, Inc. v. B. Dixon Evander & Associates, Inc.*, 596 A.2d 687, 715 (Md. App. 1991) that punitive damages:

> (1) may be imposed only where there is outrageous conduct,
> (2) may be awarded only upon a showing of "actual malice" on the part of the defendant, i.e., "the performance of an act without legal justification or excuse, but with an evil or rancorous motive influenced by hate, the purpose being to deliberately and willfully injure the plaintiff" or, in certain kinds of cases, subject to further refinement by the Court of Appeals, "implied malice," i.e., " conduct of an extraordinary nature characterized by a wanton or reckless disregard for the rights of others,
> (3) are to punish the wrongdoer, to teach him not to repeat his wrongful conduct and to deter others from engaging in the same conduct,
> (4) must relate to the degree of culpability exhibited by a particular defendant and that party's ability to pay,
> (5) represent a civil fine, and as such, should be imposed on an individual basis, and
> (6) may be awarded only upon proof of actual loss and thus may not be awarded unless there is also an award of compensatory damages.

---

[14] Amended Complaint, filed April 1, 2008. at pg 5.

-11-

-12-

*Id.* at 715 (citations omitted).  This is an extremely high standard to meet, and the amended complaint is devoid of specific facts that would support imposing punitive damages.

However, the Defendant has sufficient notice that punitive damages are requested, and an adjudication of whether punitive damages should be imposed is better examined at the end of discovery, and therefore the court will not grant the motion to dismiss the punitive damage requests.

An order in conformity with this opinion will be entered.


cc:    Charles M. Langdon
       6303 Ivy Lane, Ste. 102
       Greenbelt, MD 20770

       Mary Ann Langdon
       16 Grand Port Road
       Berlin, MD 21811

       James S. Liskow
       Washington Business Park
       4601 Forbes Boulevard
       Suite #200
       Lanham, MD 20706

       John Douglas Burns
       6303 Ivy Lane, Ste. 102
       Greenbelt, MD 20770
       (301) 441-8780


       Lesser Financial Enterprises, LLC
       and Allan Lesser
       c/o Harry M. Stern, Esq.
       10400 Connecticut Avenue, Suite 405
       Kensington, MD 20895

       Stephen Seiber
       3724 Angelton Court
       Burtonsville, MD 20866

-13-

Greg S Friedman
c/o Larry L. Puckett, Esq.
Eccleston and Wolf, P.C.
729 E. Pratt Street, 7th Floor
Baltimore, MD 21202

Harry M. Stern
10400 Connecticut Avenue
Suite 405
Kensington, MD 20895

Larry L. Puckett
Eccleston and Wolf, P.C.
Baltimore-Washington Law Center
4th Floor
7240 Parkway Drive
Hanover, MD 21076

**End of Order**